MARGULIES v. CITY OF NORTH MIAMI, et al.

No. 73-15536.

Circuit Court, Dade County.

September 19, 1973.

Larry S. Stewart of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for the petitioner.

Arthur J. Wolfson, City Attorney, and John G. Fletcher, Assistant City Attorney, for the respondents.

SAM I. SILVER, Circuit Judge.

*Final judgment:* This cause came on for final hearing before me on the petitioner's complaint for declaratory and injunctive relief and respondents' answer and supplemental affirmative defense. The court heard the evidence offered by the parties and the exhibits entered into evidence and further considered the exhibits previously offered into evidence and the testimony previously given at a preliminary hearing in this matter on July 12, 1973.

From the evidence submitted it is clear that on March 27, 1973 the respondent city issued to the petitioner a conditional use permit pursuant to the terms of R.P.U.D. zoning which applied to the land in question. That permit imposed certain conditions upon the petitioner which he had to fulfill to enable him to construct the planned project. Petitioner undertook to comply with those requirements and the evidence was that he has complied with each and every requirement imposed upon him. In the course of so complying the petitioner has expended sums in excess of $50,000

and has become obligated to expend further sums in excess of $600,000. Included among those items are the architect's fees for the preparation of all plans required, engineering fees for testing of the sub-surface, for preparation of plans for sewage disposal, for all surveying and or preparation of engineering data required by the city to be submitted to the Central and Southern Florida Flood Control District. In the course of complying with the conditional use permit the petitioner has secured each and every governmental permit that would be required to commence construction with the single exception of a building permit from the respondent city.

In June, 1973, the petitioner tendered to the city a check for all necessary fees for the requisite building permits and the city deposited said tender on July 16, 1973. These building permits have not been issued by the respondent city due to instructions given the building and zoning department by the city council of said city.

In this litigation it was the respondents' position that an amendment to the city charter enacted in May of 1973 reduced the applicable zoning requirements on the land in question so that petitioner's proposed construction no longer was possible. Additionally respondents raised to the court the imposition of a building moratorium by the respondent city on August 14, 1973. However, at trial it was conceded that if equitable estoppel applied, the building moratorium would be ineffective insofar as petitioner's property was concerned.

Petitioner contended on various grounds that the charter amendment was unconstitutional and further contended that it did not retroactively operate to amend the zoning laws of the respondent city. The court finds it unnecessary to consider the constitutional questions because the court finds that the charter amendment was not self-effectuating and required further action on the part of the city council to amend existing zoning laws. The evidence at trial showed that the zoning still in existence at this time is R.P.U.D. zoning, with which the petitioner fully complies.

All governments derive their power from the people. In return for vesting that power in the government the people should be able to expect stability and fair play from their government. The evidence in this case shows that the petitioner at all times acted fairly and straight-forward in his dealings with the respondent city and complied with every request made of him by the city. He, as any citizen, has the right to rely upon actions of the city and to expect that the city will conform to and comply with its regulations, procedures and representations.

From the foregoing the court finds that the respondents are equitably estopped from denying a building permit to petitioner for

the construction of the Carmel Apartments and Tennis Club as set forth in the building plans previously filed with and approved by the respondent city.

It is therefore ordered and adjudged as follows — (1) That the court has jurisdiction of this cause and the parties thereto. (2) That the petitioner is entitled to use the property involved herein in accordance with the R.P.U.D. zoning ordinances presently still in effect in the city of North Miami. (3) That the city of North Miami, its agents and/or employees, are ordered and directed to forthwith issue to petitioner the requisite building permits to construct the apartment buildings according to the plans on file with said city, all in compliance with the South Florida Building Code. (4) That the court reserves jurisdiction of this cause to enforce the provisions of this judgment and for assessment of costs upon motion.